# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Sharyll Primus Cunningham, | ) | CASE NO. 5:17 CV 2716 |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Portage County Courthouse, *et al.*, | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

*Pro se* plaintiff Sharyll Primus Cunningham has filed a complaint in this action against the Portage County Courthouse and multiple court employees and attorneys. (Doc. No. 1.)

Her complaint is identical to the complaint *pro se* plaintiff Paul Cunningham filed in this Court in 5:17 CV 2714. Like Mr. Cunningham's complaint, the plaintiff's complaint alleges:

> Violation of my constitutional rights in all my cases by all Defendants. They have Black Balled me. They have rui[ned] my life with their actions. I have been told that "Here in Portage County we Deal with the Good old Boys System."

(*Id*., p. 8.)

## Discussion

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits."

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The allegations in the plaintiff's complaint are insufficient to state any plausible claim on which relief may be granted against any defendant in this case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). *See also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

**Conclusion**

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Her motions for appointment of counsel (Doc. No. 3) and an "extension of time for Court" to appoint *pro bono* counsel (Doc. No. 5) are denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: May 14, 2018              */s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE